UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Mesfin Ketema, | ) | C/A No. 3:02-0502-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Midwest Stamping, Inc., Terry Judy, | ) | |
| Tedd Baldwin, and Cynthia Thompson, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter to the magistrate judge with instructions. *See* 28 U.S.C. § 636(b)(1).

Plaintiff alleges that his former employer, Midwest Stamping, Inc. ("Midwest"),

1

discriminated against him due to his race and national origin in violation of Title VII. Plaintiff also states a Title VII retaliation claim against Midwest. Plaintiff asserts state law claims for breach of contract and breach of an implied covenant of good faith and fair dealing. Finally, plaintiff asserts a defamation claim against current and former Midwest employees, Terry Judy ("Judy"), Cynthia Thompson ("C. Thompson"), and Tedd Baldwin ("Baldwin"). The magistrate judge issued a report and recommendation on June 17, 2005. Defendant Midwest filed an objection on July 7, 2005. Plaintiff Ketema filed objections on July 11, 2005.

The magistrate judge recommends granting Midwest's motion for summary judgment on plaintiff's claims for disparate treatment under Title VII, plaintiff's claim for retaliation under Title VII, and plaintiff's contract claim. The magistrate judge further recommends granting summary judgment to defendants Midwest, Judy, and C. Thompson on plaintiff's defamation claim. Defendant Baldwin did not file a motion for summary judgment on plaintiff's defamation claim against him. However, the magistrate judge recommends dismissing this claim pursuant to 28 U.S.C. § 1367(c)(3).

## I. TITLE VII CLAIM: RACE AND NATIONAL ORIGIN DISCRIMINATION (FIFTH CAUSE OF ACTION)

Plaintiff objects to the magistrate judge's limitation of plaintiff's failure to promote claim to plaintiff's not being promoted to the Corporate Human Resources position. Plaintiff asserts that the claim is based on his not being promoted during his entire six-year tenure with Midwest.

In order to establish a prima facie case of discriminatory failure to promote, plaintiff

must prove that:

> (1) he is a member of a protected group;
>
> (2) he applied for the position in question;
>
> (3) he was qualified for the position; and
>
> (4) he was rejected for the position in favor of someone not a member of a protected group under circumstances giving rise to an inference of unlawful discrimination.

*Alvarado v. Board of Trustees of Montgomery Community College*, 928 F.2d 118, 121 (4th Cir. 1991). Plaintiff has pointed to no evidence that he applied for any position other than the Corporate Human Resources position that the magistrate judge considered in his report. Therefore, plaintiff cannot meet the second element of the *Alvarado* test with regard to any other position. Defendant is entitled to summary judgment on plaintiff's claims that he was denied any other promotion. Plaintiff's objection is overruled.

The plaintiff next objects to the magistrate judge's failure to consider the fact that he was terminated on September 11, 2001, the same day as the terrorist attacks in New York, Pennsylvania, and Washington. According to the plaintiff, this indicated national origin discrimination, as plaintiff is from Ethiopia. In order to establish a prima facie case for wrongful termination, "Ketema must show that: (1) he is a member of a protected class; (2) he was terminated; (3) at the time of the termination he was meeting his employer's legitimate expectations for his position; and (4) he was replaced by a similarly qualified individual from outside the protected class." Report and Recommendation at 25 (citing *King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003)). The magistrate judge found that the plaintiff met his burden

3

of establishing a prima facie case of discrimination. However, the magistrate judge found that Midwest had proffered a legitimate non-discriminatory reason for terminating Ketema—loss of confidence. Furthermore, the magistrate judge found that Ketema had not rebutted this legitimate reason. The court agrees with the magistrate judge's analysis of this claim.

The court has reviewed the record, the memoranda, the magistrate judge's report and recommendation and the applicable case law, and with regard to the plaintiff's Fifth Cause of Action (Violation of Title VII/Race and National Origin Discrimination against Defendant Midwest), the court agrees with the magistrate judge and adopts his recommendation that defendant is entitled to summary judgment.

## II. TITLE VII: RETALIATION (FOURTH CAUSE OF ACTION)

The magistrate judge recommends granting Midwest's motion for summary judgment on plaintiff's Title VII claim for retaliation. In order to establish a prima facie case of retaliation, the plaintiff must establish that: (1) he engaged in a protected activity; (2) the employer took some adverse employment action against the employee; and (3) a causal connection existed between the protected activity and the adverse action. *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004). If the plaintiff can establish this prima facie case, the burden shifts to the defendant to set fourth a legitimate non-retaliatory reason for the action.

The plaintiff objects to the magistrate judge's findings that the first time the plaintiff accused the management of Midwest of discriminatory practices was July 2001. The plaintiff argues that he previously reported allegations of discrimination and retaliation made by employees to him in his capacity as human resources manager. In his objections, plaintiff

4

refers to a letter written on April 4, 2001, stating: "This is the documentation that precipitated the retaliatory attacks against him." Plaintiff's Objections to Report and Recommendation at 24. The plaintiff argues that Midwest's failure to promote him was an adverse employment action taken in retaliation for the April 4, 2001 letter.

While failure to promote can constitute an adverse employment action under certain circumstances, *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 189 (4th Cir. 2004), it does not in this case. In *Booz-Allen*, an employee raised a claim for retaliation for failure to promote. However, the Fourth Circuit found that because the employee did not possess the qualifications for the promotion, the employer's failure to promote him was not an adverse employment action. The same is true here. Plaintiff did not possess the qualifications for the Corporate Human Resources position to which he applied. That position required seven years of human resources experience which plaintiff admittedly did not possess. Therefore, Midwest's failure to promote him to that position was not an adverse employment action and his claim for retaliation based on the failure to promote must fail.

The plaintiff further objects to the magistrate judge's finding that the defendant's proffered reason for terminating plaintiff's employment was legitimate and non-discriminatory and argues that the proffered reason was pretextual. However, the court finds that the defendant's proffered reason—loss of confidence—is a legitimate and non-discriminatory reason for plaintiff's termination.

The court has reviewed all of the plaintiff's objections to the report and recommendation, along with the record and applicable case law. The court adopts the

5

magistrate judge's recommendation with regard to the plaintiff's Title VII claims. Therefore, all objections are overruled. Midwest's motion for summary judgment on plaintiff's Fourth Cause of Action (Violation of Title VII/ Retaliation against Defendant Midwest) is granted.

### III. PLAINTIFF'S REMAINING STATE LAW CLAIMS

In addition to his Title VII claims, the plaintiff has asserted state law claims for breach of contract, breach of an implied covenant of good faith and fair dealing, and defamation. The magistrate judge recommended granting the defendants' motion for summary judgment on all these claims, except for the plaintiff's defamation claim against defendant Baldwin. Defendant Baldwin has made no motion for summary judgment. Therefore, the magistrate judge recommended that this claim should survive. However, the magistrate judge recommended that this claim against Baldwin be dismissed pursuant to 28 U.S.C. § 1367(c)(3). The magistrate judge further recommended that if the court finds any other state law claim should survive summary judgment, those claims should also be dismissed pursuant to § 1367(c)(3).

The court finds that a more prudent course would be to dismiss all of the plaintiff's state law claims without prejudice pursuant to § 1367(c). Section 1367(c) provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." Because diversity of citizenship is not alleged in this case, only plaintiff's Title VII claims fall within the court's original jurisdiction, pursuant to 28 U.S.C. § 1343(a). The court has jurisdiction over the plaintiff's remaining state law claims pursuant to § 1367(a). Having

6

granted summary judgment to the defendants on the plaintiff's Title VII claims, there is no federal interest in reaching the merits of the state law claims.

Defendants object to the magistrate judge's recommendation that any state law claims be dismissed. Defendants cite *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995), for the claim that federal courts have the discretion to retain jurisdiction over state law claims after the federal basis for the action drops away. "In exercising that discretion, the district court must consider 'convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy.'" *Talamantes v. Berkeley County School Dist.*, 340 F. Supp. 2d 684, 690 (D.S.C. 2004) (quoting *Semple v. City of Moundsville*, 195 F.3d 708, 714 (4th Cir. 1999)). In arguing against dismissal under § 1367(c), the defendants rely primarily on the effects of dismissal on the plaintiff. However, the plaintiff has not objected to this portion of the report and recommendation. Having reviewed all of the defendants' objections, the court, in exercise of its discretion, overrules the objections. The remaining state law claims are hereby dismissed without prejudice pursuant to § 1367(c).

### IV. MOTION TO BE RELIEVED BY COUNSEL FOR DEFENDANT BALDWIN

On March 16, 2005, counsel for defendant Baldwin filed a motion to be relieved as counsel. Defendant Baldwin did not respond to the motion. The magistrate judge recommended granting this motion. The court agrees. The motion to be relieved as counsel filed by Kenneth R. Young, Jr. is hereby granted.

### V. CONCLUSION

In light of the standard set out above, the court has reviewed, *de novo,* the report and

the objections thereto. The court will accept the report, with such modifications as are set forth above, and order that judgment be entered accordingly.

It is therefore ordered that all objections be overruled, and that the motion by the defendant Midwest for summary judgment be granted on the plaintiff's Title VII claims for race and national origin discrimination and retaliation. Defendants' motion for summary judgment on plaintiff's state law claims for breach of contract, breach of an implied covenant of good faith and fair dealing, and defamation is denied, and those claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

IT IS SO ORDERED.

/s/ Joseph F. Anderson, Jr.
United States District Judge

July 26, 2005
Columbia, South Carolina